McGUIRE *v.* McGUIRE.

DIVORCE—CONDITIONAL DECREE—MODIFICATION—CUSTODY OF MINOR CHILD.

> Where the decree in divorce proceedings awarded the custody of a minor daughter to the wife on certain conditions, on petition of the husband for a modification of the decree and awarding the custody of the child to him, the finding of the court below that the conditions had been complied with, *held*, not to be clear that judicial discretion was abused or that the best interest of the child was disregarded.

Appeal from Oakland; Smith, J. Submitted January 30, 1918. (Docket No. 133.) Decided June 3, 1918.

Bill by John J. McGuire against Bessie D. McGuire for a divorce: On petition of plaintiff for a modification of the decree. From an order denying the petition, plaintiff appeals. Affirmed.

*Peter B. Bromley,* for plaintiff.

OSTRANDER, C. J. Petitioner, plaintiff in the divorce suit, was granted a divorce from respondent,

defendant in the divorce suit, January 14, 1915. Her wrongdoing, charged in the bill, was adultery committed with a man named in the bill. There were two children of the marriage, a boy and a girl. Although finding her guilt proven, the court awarded the custody of the boy to the father and of the girl to the mother, saying, however,

"But unless she either marries Mr. James and provides a home for the child, or breaks off her associations with him, within a reasonable time, then it would seem as if the court should also give the custody of the daughter to the father."

The petition was filed herein January 7, 1916, and it sets up that the divorced wife has neither married, nor ended her associations with, North James, and further that the daughter Virginia has not been properly cared for by the mother, and prays for a modification of the decree or for a further decree awarding custody of the daughter to the petitioner, her father. The answer of the divorced wife denies the allegations that she has not married nor broken off her association with North James, the man in the case. There was a hearing, proofs being taken in open court, and a finding was made that both parties have remarried since the divorce was granted, that "the girl must either live with a stepfather or else with a stepmother," and that the girl ought not to be taken away from her mother. The finding that respondent is married means, upon the proofs, that she is married to North James. This finding is based upon testimony that a ceremony of marriage was celebrated by the parties February 23, 1916, which was after the petition herein was filed. It was celebrated on the day of entering a decree in the Wayne county circuit court, in chancery, divorcing said North James and his wife.

For various reasons it was claimed by petitioner at the hearing in the court below that the decree of di-

vorce just referred to was void because the court never had jurisdiction of the divorce case. However, in the brief for the father, appellant, the validity of the decree of divorce is not attacked and the right to relief is predicated upon the showing that the mother, respondent here, shows no particular affection for the child, has not taken proper care of her, and that the interest of the child was not considered by the learned trial judge. The trial judge who heard the divorce case of *McGuire* v. *McGuire* made the order in this proceeding. As has been stated, he originally awarded the custody of the daughter to the mother upon condition. There was no appeal from the divorce decree. He saw, and perhaps knew and knows, the parties. The condition imposed upon the mother he concludes has been complied with and declines to change his former ruling. It is not clear that in doing this judicial discretion was abused or that the best interest of the child was disregarded.

The order appealed from is affirmed, with costs to appellee.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.